S03A0184. MARTIN v. THE STATE.
(575 SE2d 498)

FLETCHER, Chief Justice.

A jury convicted Antonio Martin of malice murder and other crimes in connection with the shooting death of Derrick Worthy.[1] The trial court sentenced Martin to life imprisonment for murder and a consecutive five years imprisonment for possession of a firearm during the commission of a felony. Because there was sufficient evidence for the jury to find him guilty and Martin has not shown that trial counsel's performance fell below a reasonable standard of professional conduct, we affirm.

1. The evidence presented at trial shows that the shooting occurred just after Worthy checked into the Atlanta Motel on Moreland Avenue in Atlanta. A friend of Worthy's testified that a "boy walked out of nowhere" as Worthy left the motel office and climbed into his car. The young man was "talking out of his head" and appeared to be on drugs. Worthy asked him what was wrong and the young man pulled a gun from his waistband and started shooting. The gunman shot once, Worthy tried to back his car up, and the gunman fired a second shot. Worthy's white Toyota smashed into two parked cars. Police found Worthy dead from a gunshot wound to his head; his car's motor was still running.

Four cameras on the motel property recorded much of what happened that night. The videotape, with the time displayed at the bottom of the screen, shows the following sequence of events: a red Chevrolet Cavalier drives into the motel parking lot at 6:28; three

---

[1] The shooting occurred on January 20, 2001, and the grand jury indicted Martin on March 23, 2001. On December 7, 2001, the jury found Martin guilty and the trial court sentenced him. Martin filed a motion for new trial on December 10, 2001, which the trial court denied on August 7, 2002. Martin filed a notice of appeal on August 14, 2002; the appeal was docketed on October 11, 2002; and the case was submitted for decision without oral arguments on December 2, 2002.

people walk to their room on the back side of the motel at 6:30; a white car pulls into the lot and parks at 6:34; a person walks from the back of the motel towards the office at 6:36:32; Worthy leaves the office lobby at 6:36:58; a white car backs up and smashes into another car at 6:37:41; and a person runs to the back of the motel at 6:38:45.

Although no witness identified Martin as the shooter, two witnesses described Martin's clothing and physical characteristics. In addition, Martin's mother was registered in a room located on the back side of the motel, and her boyfriend testified that Martin left their room within minutes of arriving that night, returned briefly, and then left for the evening. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Martin guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony.[2]

2. To support a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and the deficient performance prejudiced the defense.[3] Because the defendant has not presented any evidence to support his allegation that trial counsel's pre-trial investigations fell below a reasonable standard of professional conduct, we conclude that he has not met the standard for proving ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*Harold S. Gulliver,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.

---

[2] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).